UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CURLIN PENNICK, III,<br><br>    Plaintiff,<br><br>    vs.<br><br>FRANK LEONETTI, JOHN DOE HEARING OFFICER, MATT JOHNSON, AL KUNZ, CHUCK PEASE, FRED WARNEKA, JON GRADWOHL, CRAIG SPENCER, JOE DENNY, and JOHN DOE SUNDBERG,<br><br>    Defendants. | NO. CV-06-5075-FVS<br><br>ORDER DENYING MOTION FOR INJUNCTIVE RELIEF AND ORDER TO COMPLY WITH ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT |

   BEFORE THE COURT are Plaintiff's First Amended Complaint (Ct. Rec. 13) and Motion for Temporary Restraining Order and Preliminary Injunction (Ct. Rec. 16). Plaintiff, a prisoner at the Washington State Penitentiary, is proceeding *pro se* and *in forma pauperis.* Defendants have not been served. Attorney Sara J. Olson, however, has appeared on behalf of Defendants for the limited purpose of responding to Plaintiff's Motion. *See* Ct. Recs. 22 and 23.

   "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotations and citations omitted). The purpose

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF . . .  -- 1

of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." *Arcamuzi v. Continental Air Lines, Inc.,* 819 F.2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." *Id.*  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." *Id.*  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." *Id.*

    A federal court is a court of limited jurisdiction.  As a threshold matter the court must have a "case" or "controversy" before it for consideration.  *Flast v. Cohen*, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. *Rivera v. Freeman*, 469 F.2d 1159, 1162-63 (9th Cir. 1972).  At this juncture, Plaintiff has not stated any cognizable claims for relief in this action.

    The court has reviewed the First Amended Complaint and finds it fails to cure the deficiencies of the initial complaint.  Therefore, the court lacks jurisdiction to issue any injunctive relief.  Accordingly, **IT IS ORDERED** Plaintiff's Motion for Temporary

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF . . .   -- 2

Restraining Order/Preliminary Injunction (Ct. Rec. 16) is **DENIED.** Plaintiff shall comply with the court's previous Order directing him to amend or voluntarily dismiss this action.

### NAMED DEFENDANTS

Plaintiff was advised he must name all Defendants in the caption of his complaint (an amended complaint supersedes the initial complaint). Although named as Defendants in the caption of his First Amended Complaint, and in the body of the amended complaint, Plaintiff provides no identifying information in paragraphs 3 through 13 regarding Defendants Victor Sword, John Doe Baker, Jordan or Sheldon. Furthermore, Plaintiff alleges no facts from which the court could infer Defendants Sword or Baker violated Plaintiff's constitutionally protected rights. He appears to allege at paragraph 52 that these Defendants infracted Plaintiff for refusing to obey an order on an unspecified date. Such allegations do not rise to the level of a constitutional violation. Furthermore, Plaintiff's vague and conclusory allegations against Defendants Jordan, Flores, Guzman, Sinclair and Sheldon, at paragraph 53 also fail to demonstrate a constitutional violation.

### FALSE INFRACTIONS

Plaintiff appears to allege Defendants Kunz, Johnson, Pease, Gradwohl, Spencer and Denny falsely infracted Plaintiff for failing to cooperate with an investigation regarding gang activity. Obstructing an investigation is not a constitutionally protected right. Plaintiff fails to state how the actions of these Defendants failed to advance the legitimate penological interests of maintaining order and

discipline. As presented, Plaintiff's allegations do not rise to the level of a constitutional violation.

In addition, an inmate has no constitutionally guaranteed protection from being wrongly accused of conduct; rather, he has a constitutional right not to be deprived of a protected liberty interest without due process. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986), *cert. denied,* 485 U.S. 982 (1988). According to the United States Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472 (1995), a district court must focus on the nature of the deprivation imposed when determining whether an inmate is entitled to procedural due process protections. *Id.* at 483-87 (a prisoner has no federal or state protected liberty interest in due process when the sanction imposed neither extends the length of his sentence nor is "atypical and significant" in relation to the ordinary incidents of prison life).

As stated in *Meachum v. Fano*, 427 U.S. 215 (1976), the Due Process Clause does not protect every change in the conditions of confinement, not even ones having a "substantial adverse impact" on the prisoners. *Meachum,* at 224. Based on the analysis in *Sandin v. Conner*, time spent in segregation is insufficient to invoke procedural due process protections. Indeed, the Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence. *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986). Accordingly, Plaintiff's allegations regarding segregation are insufficient to state a claim upon which relief may be granted under *Sandin*.

While the Eighth Amendment requires prison officials to provide prisoners with the basic human needs, including reasonable safety, it does not require that the prisoners be comfortable and provided with every amenity. *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). A prisoner has no constitutionally protected right to be housed in the institution of his choice. *Olim v. Wakinekona*, 461 U.S. 238, 245-49 (1983). Furthermore,

> When prison officials have legitimate administrative authority, such as the discretion to move inmates from prison to prison or from cell to cell, the Due Process Clause imposes few restrictions on the use of that authority, regardless of any additional motives which are claimed to exist. It doesn't matter what label is placed on the action or what other reasons may be behind it; nor is it relevant that the conditions of confinement may become less pleasant as a result. We must allow prison officials the freedom to exercise their administrative authority without judicial oversight. Some administrative actions will inevitably make prisoners feel cheated; nevertheless, this does not give them a federal cause of action.

*Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991) (footnote omitted).

**MEDICAL TREATMENT**

For an inmate to state a claim under § 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an 8th Amendment violation only if those needs are 'serious.'" *Hudson*, 503 U.S. at 9 (*citing Estelle*, 429 U.S. at 103-104).

A serious medical need exists if the failure to treat a

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF . . .   -- 5

> prisoner's condition could result in further significant
> injury or the unnecessary and wanton infliction of pain . .
> . . The existence of an injury that a reasonable doctor or
> patient would find important and worthy of comment or
> treatment; the presence of a medical condition that
> significantly affects an individual's daily activities; or
> the existence of chronic and substantial pain are examples
> of indications that a prisoner has a serious need for
> medical treatment.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

To demonstrate deliberate indifference, a prisoner must allege facts sufficient to indicate a culpable state of mind on the part of prison officials. *Wilson v. Seiter*, 501 U.S. 297 (1991). Deliberate indifference exists when an official knows of and disregards a serious medical condition and the official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment, however, are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Mere indifference, medical malpractice, or negligence also will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Here, Plaintiff alleges no facts from which the court could

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF . . .   -- 6

infer Defendants Sundberg, Leonetti or Ponti were actual medical care providers who disregarded Plaintiff's known serious medical condition, causing actual harm.  Plaintiff fails to provide the dates he sought and was denied medical treatment for his dust mite allergies.

If Plaintiff wishes to amend his complaint again to present cognizable claims, he is free to do so.  He is cautioned, however, if the court finds the Second Amended Complaint is frivolous, malicious, or fails to state a claim, the Second Amended Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).  Such a dismissal would count as one of the dismissals under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and forward a copy to Plaintiff, along with a form Motion to Voluntarily Dismiss Complaint **and a civil rights complaint form**.  The District Court Executive shall send a courtesy copy of this Order to Attorney Sara J. Olson.

**DATED** this___4th_____day of January 2007.

                        s/ Fred Van Sickle
                           FRED VAN SICKLE
                   UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF . . . -- 7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CURLIN PENNICK,III,<br><br>           Plaintiff,<br><br>  vs.<br><br>FRANK LEONETTI, JOHN DOE HEARING OFFICER, MATT JOHNSON, AL KUNZ, CHUCK PEASE, FRED WARNEKA, JON GRADWOHL, CRAIG SPENCER, JOE DENNY, and JOHN DOE SUNDBERG,<br><br>           Defendants. | NO. CV-06-5075-FVS<br><br>MOTION TO VOLUNTARILY DISMISS COMPLAINT |

    Plaintiff CURLIN PENNICK,III, requests the court grant his Motion to Voluntarily Dismiss the Complaint pursuant to Rule 41(a), Federal Rules of Civil Procedure. Plaintiff is proceeding *pro se*; Defendants have not been served in this action.

    **DATED** this _____ day of _____ 2007.

                                        _____
                                        CURLIN PENNICK,III,

MOTION TO VOLUNTARILY DISMISS COMPLAINT -- 1